IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1345-CJB |
| | ) | |
| TVISION INSIGHTS, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant TVision Insights, Inc. ("TVision"), by and through counsel, demands a trial by jury on all issues so triable and answers the Complaint for Patent Infringement filed by Plaintiff The Nielsen Company (US), LLC ("Nielsen") as follows:

### NATURE OF THE ACTION

1.     TVision admits that this purports to be an action for patent infringement brought against TVision for alleged infringement of United States Patent No. 11,470,243 ("the '243 patent").  To the extent that this paragraph alleges that TVision has infringed any valid and enforceable claims of the '243 patent, TVision denies those allegations.

### PARTIES

2.     TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis denies the allegations.

3.     TVision admits that TVision Insights, Inc. is organized and existing under the laws of the State of Delaware.

### JURISDICTION AND VENUE

4.     TVision admits that this purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  TVision further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States.

5.     TVision admits that this Court has personal jurisdiction over it, and that TVision is a corporation organized and existing under the laws of the State of Delaware.  TVision admits that it has a registered agent in Delaware—The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.  The remaining allegations of paragraph 5 set forth legal conclusions and questions of law regarding personal jurisdiction to which no response is required.  To the extent a response is required, such allegations are denied.

6.     TVision admits that venue is proper in this Judicial District.  The remaining allegations of paragraph 6 are legal conclusions for which no response is required.  To the extent a response is required, except as expressly admitted, such allegations are denied.

## FACTUAL BACKROUND

7.     TVision denies that Nielsen is the media industry's leading data and analytics company.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis denies the allegations.

8.     TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis denies the allegations.

9.     TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies the allegations.

## THE ASSERTED PATENT

10.     TVision admits that the '243 patent on its face is entitled "Methods and Apparatus to Capture Images," and further admits that what appears to be a copy of the '243 patent is attached to the Complaint as Exhibit A.  TVision admits that the '243 patent on its face lists "October 11, 2022" as the date of patent.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and on that basis, except as herein expressly admitted, denies those allegations.

11.     TVision admits that the '243 patent on its face lists "The Nielsen Company (US), LLC" as the assignee.  The remaining allegations of paragraph 11 set forth legal conclusions and questions of law under the Patent Act, 35 U.S.C. § 1 *et seq.*, to which no response is required. To the extent a response is required, except as herein expressly admitted, such allegations are denied.

12.     TVision admits that methods and apparatuses for audience measurement may involve determining information about audience members, including comparing data about heads or faces to reference information.  TVision denies the allegations of paragraph 12 insofar as they purport to characterize the subject matter and scope of the asserted patent.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, and on that basis, except as herein expressly admitted, denies those allegations.

13.     TVision admits that paragraph 13 appears to reproduce some portions of language from the '243 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 13 insofar as they purport to characterize the subject matter and scope of the '243 patent.

14.     TVision admits that what appears to be a copy of the declaration of Pierre Moulin is attached to the Complaint as Exhibit B.  The remaining allegations of paragraph 14 set forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, except as herein expressly admitted, such allegations are denied.

15.     TVision admits that certain audience measurement systems may collect a series of images of a media exposure environment over time and gather information about an environment from the series of images.  TVision admits that the characteristics of certain audience measurement systems described in paragraph 15 are likewise described in the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and on that basis, except as herein expressly admitted, denies those allegations.

16.     TVision admits that certain audience measurement systems may use facial recognition.  TVision admits that the characteristics of certain audience measurement systems described in paragraph 16 are likewise described in the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and on that basis, except as herein expressly admitted, denies those allegations.

17.     TVision admits that paragraph 17 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies those allegations.

18.     TVision admits that paragraph 18 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision denies the allegations of paragraph 18 insofar as they purport to characterize the subject matter and scope of the '243 patent.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and on that basis denies the allegations.

19.     TVision admits that paragraph 19 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies those allegations.

20.     TVision admits that paragraph 20 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision denies the allegations of paragraph 20 insofar as they purport to characterize the subject matter and scope of the '243 patent.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies those allegations.

21.     TVision admits that Claim 4 of the '243 patent incorporates the limitations of Claim 1.  TVision admits that paragraph 21 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision denies the allegations of paragraph 21 insofar

as they purport to characterize the subject matter and scope of the '243 patent and prior art.  To the extent that the allegations of paragraph 21 set forth legal conclusions as to the priority date of the '243 patent, no response is required.  To the extent a response is required, such allegations are denied.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and on that basis denies those allegations.

22.     TVision admits that paragraph 22 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies those allegations

23.     TVision admits that Claim 5 of the '243 patent incorporates the limitations of Claim 4.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and on that basis denies those allegations.

24.     TVision admits that paragraph 24 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision denies the allegations of paragraph 24 insofar as they purport to characterize the subject matter and scope of the '243 patent and prior art.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and on that basis denies those allegations.

25.     TVision admits that Claim 6 of the '243 patent incorporates the limitations of Claim 4.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and on that basis denies those allegations.

26.     TVision admits that paragraph 26 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision denies the allegations of paragraph 26 insofar as they purport to  characterize the subject matter and scope of the '243 patent and prior art.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and on that basis denies those allegations.

27.     TVision admits that Claim 8 of the '243 patent incorporates the limitations of Claim 6.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and on that basis denies those allegations.

28.     TVision admits that Claim 11 of the '243 patent incorporates the limitations of Claim 9.  TVision admits that paragraph 28 appears to reproduce language from the document attached as Exhibit B to the Complaint.  To the extent that the allegations of paragraph 28 set forth legal conclusions as to the priority date of the '243 patent, no response is required.  To the extent a response is required, such allegations are denied.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 and on that basis denies those allegations.

29.     TVision admits that paragraph 29 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and on that basis denies those allegations.

30.     TVision admits that Claim 12 of the '243 patent incorporates the limitations of Claim 11.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 and on that basis denies those allegations.

31.     TVision admits that paragraph 31 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and on that basis denies those allegations.

32.     TVision admits that Claim 13 of the '243 patent incorporates the limitations of Claim 12.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and on that basis denies those allegations.

33.     TVision admits that Claim 14 of the '243 patent incorporates the limitations of Claim 11.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and on that basis denies those allegations.

34.     TVision admits that paragraph 34 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and on that basis denies those allegations.

35.     TVision admits that Claim 18 of the '243 patent incorporates the limitations of Claim 16.  TVision admits that paragraph 35 appears to reproduce language from the document attached as Exhibit B to the Complaint.  To the extent that the allegations of paragraph 35 set forth legal conclusions as to the priority date of the '243 patent, no response is required.  To the extent a response is required, such allegations are denied.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and on that basis denies those allegations.

36.     TVision admits that paragraph 36 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and on that basis denies those allegations.

37.     TVision admits that Claim 19 of the '243 patent incorporates the limitations of Claim 18.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 and on that basis denies those allegations.

38.     TVision admits that paragraph 38 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and on that basis denies those allegations.

39.      TVision admits that Claim 20 of the '243 patent incorporates limitations of Claim 19.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 and on that basis denies those allegations.

## THE INFRINGING SYSTEM AND METHOD

40.     TVision admits that the quoted language in paragraph 40 appears in the documents attached as Exhibit C and Exhibit D to the Complaint.  TVision admits that the language characterizing TVision as a "data and analytics company that measures how people […] watch TV" appears in the document attached as Exhibit C to the Complaint.  TVision admits that the video cited in paragraph 40 discusses collecting data from a panel of TV viewers that opt-in to be part of the panel.  TVision denies the remaining characterizations and interpretations of the documents cited.  Except as herein expressly admitted, TVision denies the allegations of paragraph 40.

41.     TVision admits that the document attached as Exhibit E to the Complaint references "a 15,000 person panel." TVision admits that the document attached as Exhibit G mentions "Boston, Chicago, Dallas, New York, Philadelphia, Atlanta, Seattle and Los Angeles" as markets TVision operates in.  Except as herein expressly admitted, TVision denies the allegations of paragraph 41.

42.     TVision admits that its audience measurement may involve using a system or employing a method.  TVision denies that it has infringed any valid and enforceable claim of the '243 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 42.

43.     TVision admits that it uses a device placed in panelists' homes.  TVision admits that the device can collect certain data from panelists' homes and that certain data can be analyzed.  To the extent that this paragraph alleges that TVision has infringed any valid and enforceable claims of the '243 patent, TVision denies those allegations.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43, and on that basis, except as herein expressly admitted, denies those allegations.

44.     TVision admits that it can collect and analyze data from its panel.  TVision admits that insights into how people watch TV may include TV attribution, co-viewing, reach, frequency, and cross-platform measurement.  TVision admits that the documents attached as

Exhibit H and Exhibit I to the Complaint discuss the use of data to provide insights such as TV attribution, co-viewing, reach, frequency, and cross-platform measurement.  Except as herein expressly admitted, TVision denies the allegations of paragraph 44.

45.     TVision admits that the document attached as Exhibit J includes the language quoted in the parenthetical in paragraph 45.  TVision admits that the document attached as Exhibit K to the Complaint on its face is a U.S. Patent Application Publication bearing the publication number "2018/0007431" and lists TVision as the assignee.  Except as herein expressly admitted, TVision denies the allegations of paragraph 45 and denies that TVision has infringed any valid and enforceable claim of the '243 patent.

46.     TVision admits that the quoted language appears in the document attached as Exhibit L to the Complaint.  Except as herein expressly admitted, TVision denies the allegations of paragraph 46.

47.     TVision admits that the quoted language appears in the document attached as Exhibit K to the Complaint.  Except as herein expressly admitted, TVision denies the allegations of paragraph 47.

48.     TVision admits that the quoted language appears in the document attached as Exhibit M to the Complaint.  Except as herein expressly admitted, TVision denies the allegations of paragraph 48.

49.     TVision admits that the video cited in paragraph 49 discusses use of a webcam mounted on a user's television.  TVision admits that the language quoted in the parenthetical in paragraph 49 appears in the document attached as Exhibit N to the Complaint.  TVision denies that it has infringed any valid and enforceable claim of the '243 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 49.

50.     TVision admits that the document attached as Exhibit O to the Complaint discusses using a sensor to detect who is in the room.  TVision admits that the quoted language in paragraph 50 appears in the YouTube video clip referred to as the "Sidhu Interview."  TVision admits that the screenshot in paragraph 50 appears in the video cited in paragraph 50.  TVision

denies that it has infringed any valid and enforceable claim of the '243 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 50.

51.     TVision admits that the quoted language in paragraph 51 appears in the YouTube video clip referred to as the "Sidhu Interview."  TVision denies that it has infringed any valid and enforceable claim of the '243 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 51.

52.     TVision admits that the quoted language in paragraph 52 appears in the YouTube video clip referred to as the "Sidhu Interview."  TVision denies that it has infringed any valid and enforceable claim of the '243 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 52.

53.     TVision admits that the quoted language in paragraph 53 appears in the YouTube video clip referred to as the "Sidhu Interview."  TVision denies that it has infringed any valid and enforceable claim of the '243 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 53.

54.     TVision admits that the document attached as Exhibit O to the Complaint references use of "facial recognition to detect who is in the room."  Except as herein expressly admitted, TVision denies the allegations of paragraph 54.

55.     TVision admits that the language quoted in the parenthetical in paragraph 55 appears in the document attached as Exhibit P to the Complaint.  TVision admits that the language quoted in the parenthetical in paragraph 55 appears in a portion of the video clip of the Sidhu Interview.  Except as herein expressly admitted, TVision denies the allegations of paragraph 55.

56.     TVision admits that the language quoted in paragraph 56 appears in the document attached as Exhibit D to the Complaint.  TVision admits that the document attached as Exhibit E to the Complaint mentions TVision licensing data and that "[m]any Nielsen contenders are licensing TVision's dataset[.]"  TVision admits that it collects data from its panel and that the

data may be analyzed.  Except as herein expressly admitted, TVision denies the allegations of paragraph 56.

57.     Denied.

58.     TVision denies that it has violated federal law.  TVision denies that Nielsen is entitled to any relief.

## COUNT I
## INFRINGEMENT OF THE '243 PATENT

59.     TVision incorporates by reference its responses to paragraphs 1–58 above.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the relief requested by Nielsen to which no response is required.  TVision denies any allegations contained in the Prayer for Relief to which response is required.  TVision denies that Nielsen is entitled to any relief requested in its Prayer for Relief in its Complaint, and further specifically denies that Nielsen is entitled to any relief whatsoever of any kind against TVision.  TVision denies each and every allegation of Nielsen's Complaint not specifically admitted or otherwise responded to above.  TVision specifically denies that it has infringed or is liable for infringement of any valid and enforceable patent claims by Nielsen.

WHEREFORE, TVision respectfully requests that the Court enter judgment in TVision's favor and against Nielsen on all of Nielsen's claims; that the Court declare that the '243 patent is invalid, unenforceable, and not infringed by TVision; that the Court award TVision their costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award TVision such other relief as the Court deems appropriate.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling TVision to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Nielsen's assertion of the '243 patent against TVision with the knowledge that TVision does not infringe any valid or enforceable claim of the '243 patent and/or that the '243 patent is invalid and/or unenforceable.

## DEMAND FOR TRIAL BY JURY

Nielsen's demand for a trial by jury does not require a response. TVision demands a jury trial for all issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, TVision alleges and asserts the following defenses in response to Nielsen's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. All defenses are pled in the alternative and do not constitute an admission of liability or that Nielsen is somehow entitled to any relief whatsoever. In addition to the defenses listed below, TVision specifically reserves all rights under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims that may become known through the course of discovery or otherwise during the course of these proceedings.

## FIRST DEFENSE
### (NONINFRINGEMENT OF THE PATENT)

TVision has not infringed and does not infringe any valid, enforceable claim of the '243 patent, literally or under the doctrine of equivalents, indirectly, willfully, alone or jointly with third parties.

## SECOND DEFENSE
### (INVALIDITY)

One or more of the claims of the '243 patent are invalid and unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, because the claims

are directed to abstract ideas or other non-statutory subject matter, because the claims lack novelty, and are taught or suggested by the prior art, and because the claims suffer from a failure of written description, lack of enablement, and claim indefiniteness.

### THIRD DEFENSE
### (LIMITATION ON DAMAGES)

Nielsen's damages are limited or unavailable pursuant to 35 U.S.C. §§ 286, 287, and/or 288.

### FOURTH DEFENSE
### (NO INJUNCTIVE RELIEF)

Nielsen is not entitled to injunctive relief because it has an adequate remedy at law and, upon information and belief, otherwise cannot satisfy the requirements for injunctive relief.

### FIFTH DEFENSE
### (ACQUIESCENCE, ESTOPPEL, WAIVER, AND/OR LACHES)

The claims and relief sought by Nielsen in relation to the '243 patent are barred, in whole or in part, by the equitable doctrines of acquiescence, estoppel and/or prosecution history estoppel, waiver, and/or laches.

### SIXTH DEFENSE
### (INEQUITABLE CONDUCT)

Nielsen's claims are barred, in whole or in part, due to inequitable and fraudulent conduct on the United States Patent and Trademark Office (the "Patent Office") during the prosecution of the '243 patent.  On information and belief, when committing these acts, the persons involved in prosecuting the '243 patent acted with the specific intent to conceal material information and to deceive the Patent Office into issuing and/or affirming claims that it would not have issued or affirmed had it known the true facts.

Nielsen knew that at least some of the technology that it claimed was at least ten years old and reflected in Nielsen's own patents.  With specific intent to deceive, Nielsen withheld this prior art from the United States Patent and Trademark Office (the "Patent Office") during the prosecution of the '243 patent.  The Patent Office would not have allowed one or more claims of the '243 patent had it been aware of the withheld prior art.

Specifically, Nielsen was well aware when it applied for the '243 patent that the technology claimed in claims 1, 9, 16, and 22—an audience measurement device or method that both (1) used an audio signature of the media content to identify that content, and (2) analyzed images of the viewers in a household to determine their identity and facial orientation—was *at least 10 years older* than the December 2011 priority date that it was asserting.  Indeed, Nielsen's own patents, patent applications, and public disclosures made clear that Nielsen knew such technology existed well before 2011.  Take the example of Nielsen's U.S. Patent Application Publication 2002/0010919 A1 ("Lu 2001"), which was published in 2002 and which discloses a TV audience measurement system comprising means to detect audio signatures by capturing audio of program being played for the audience; and U.S. Patent No. 4,858,000 ("Lu 1988"), which was filed September 14, 1988 and is incorporated by reference into the Lu 2001 Patent Application and which discusses an audience measurement system that can identify members of a household and determine their heads orientation.  This was Nielsen's own patent application, filed more than ten years before the priority date for the '243 claims, which discloses, or at least renders obvious, literally every requirement of claims 1, 9, 16 and 22 of the '243 patent.

Nielsen and its prosecution counsel, Hanley, Flight & Zimmerman, LLC, filed the application leading to the '243 patent on May 23, 2022.  Nielsen and its prosecution counsel were involved in prosecuting the application leading to the '243 patent and had a duty to disclose to the Patent Office all information known to them to be material to patentability.  That duty continued throughout the pendency of all claims in the application leading to the '243 patent.

The Patent Office issued the '243 patent on October 11, 2022.  Between May 23, 2022 and October 11, 2022, Nielsen and its prosecution counsel had at least the right and opportunity to comment on, and suggest changes to, the application leading to the '243 patent.  Nielsen and its prosecution counsel submitted at least two information disclosure statements during the pendency of the claims on May 27, 2022 and on June 6, 2022, purporting to identify references

pursuant to their ongoing duty to disclose all information known to them to be material to patentability.

On information and belief, Nielsen deliberately withheld material prior art that it knew of and instead selectively disclosed only certain, potentially less relevant prior art information. Nielsen's withholding of this material prior art was not evident to TVision until December 15, 2022, when it discovered the above-referenced prior art.

Moreover, it is clear that Nielsen knew—at least as of October 11, 2022, the issuance date of the '243 patent—that claims 1, 9, 16, and 22, were invalid.  We know this because on the very next day, October 12, 2022, Nielsen filed this litigation, asserting the newly issued '243 patent, but conspicuously declined to assert the obviously invalid claims independent 1, 9, 16, and 22 against TVision, choosing instead to assert only significantly narrower dependent claims that depend from these independent claims.  The only reason Nielsen would assert against TVision dependent claims and not the corresponding independent claims (which would necessarily make for an easier showing when attempting to prove infringement) is that Nielsen itself is aware that the independent claims are invalid.  And if Nielsen knew this on October 12, 2022, when it initiated this lawsuit against TVision, it also knew this several days earlier, when the '243 patent was still be prosecution.  Nielsen even knew this on May 23, 2022 when it applied for the '243 patent, at which time it was being advised by the same litigation, prosecution, and in-house counsel that it had when it filed this lawsuit.

These facts demonstrate that Nielsen deliberately withheld material prior art references, including at least the Lu 2001 reference, from the Patent Office.

Nielsen and its prosecution counsel cannot claim ignorance as to this prior art, as the prior art references were Nielsen's own patent and patent application.  Nielsen's prosecution counsel and Nielsen itself were well aware of the Nielsen technology.

The file history of the '243 patent does not include the 2002 Lu reference or the 1988 Lu reference.  The Patent Office issued the '243 patent on October 11, 2022, at which point Nielsen must have definitively known of the materiality of the above-referenced prior art.  Neither

Nielsen nor its prosecution counsel disclosed either of the prior art references to the Patent Office while the application leading to the '243 patent was pending or in the application leading to the '243 patent.

The prior art references described above constitute material prior art and would not have been cumulative of other information already on record with the Patent Office. Either piece of prior art alone, or in combination with the knowledge of a person of ordinary skill in the art, or in combination with other prior art, discloses or suggests each and every element of, and anticipates or renders obvious each claim of the '243 patent. Had the Patent Office known this, the '243 patent would not have been issued.

Nielsen and its prosecution counsel knew of the existence of specific prior art references but chose not to disclose them to the Patent Office, despite having knowledge that the prior art was material. As a result of the inequitable conduct of Nielsen and its prosecution counsel during the prosecution of the '243 patent, the '243 patent is invalid and unenforceable.

<div style="margin-left: 40%;">
Respectfully submitted,

/s/ Nathan R. Hoeschen
</div>

OF COUNSEL:

| | |
|---|---|
| Ajay S. Krishnan | John W. Shaw (No. 3362) |
| Julia L. Allen | Nathan R. Hoeschen (No. 6232) |
| Bailey W. Heaps | SHAW KELLER LLP |
| Reaghan E. Braun | I.M. Pei Building |
| KEKER, VAN NEST & PETERS LLP | 1105 North Market Street, 12th Floor |
| 633 Battery Street | Wilmington, DE 19801 |
| San Francisco, CA 94111-1809 | (302) 298-0700 |
| (415) 391-5400 | jshaw@shawkeller.com |
| | nhoeschen@shawkeller.com |
| | *Attorneys for Defendant* |

Dated: December 19, 2022