

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone

March 13, 2023

**VIA ELECTRONIC-FILING**

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

    Re:    *The Nielsen Company (US), LLC v. TVision Insights, Inc.*,
            C.A. No. 22-1345-CJB

Dear Judge Burke:

      Nielsen respectfully submits this reply in support of its Motion to Strike. In its opposition, TVision incorrectly argues that it has satisfied its obligation to identify a particular individual who made a deliberate decision to withhold material prior art from the PTO. Specifically, TVision argues that because its allegations amount to an "alternative" pleading under FED. R. CIV. P. 8(d)(2), there is no problem with its use of terms like "and/or," "at least," and "such as," so long as a few actual names are mentioned. But TVision is wrong about Rule 8(d)(2):

> [A] claim alleging *alternatively* that either one individual *or* another *or perhaps* both may be the "who" is patently insufficient. …Rule 8(d)(2), which permits pleading claims and defenses in the alternative, does not relieve a party from the burden of … sufficiently pleading that each specific individual, or specific individuals if more than one is alleged to have engaged in the inequitable conduct, misrepresented facts to the USPTO and possessed the requisite intent to deceive as required by Federal Circuit precedent. Adopting [defendant's] argument would render Rule 9(b), which imposes a heightened pleading standard here, meaningless in this context.

*Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, Case No. 16-cv-13456, 2018 WL 4927170, at *3 (E.D. Mich. Oct. 11, 2018) (emphasis in original); *Mitsubishi Heavy Indus., Ltd. v. Gen. Elec. Co.*, Case No. 6:10-cv-812-ORL-28-KRS, 2012 WL 831525, at *2 (M.D. Fla. Mar. 12, 2012) (noting that use of "and/or" in an effort to "cover all bases" makes it "impossible to determine who is alleged to have been engaged in deceptive conduct" (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 (Fed. Cir. 2009)). TVision cites three cases in which individuals were named, and the "who" element of *Exergen* was satisfied. But, unlike the instant case, in none of those cases did the pleader try to "cover all bases" using "and/or," "at least," or "such as."

      With regard to deceptive intent, TVision alleges no facts to support a reasonable inference that any individual (a) knew that any specific portion of any uncited reference was but-for material to the patentability of any specific claim; and (b) deliberately withheld it from the PTO with an

intent to deceive. *See Exergen*, 575 F.3d at 1330-31. Instead, TVision devotes page after page of its pleading to arguing that many named and unnamed individuals knew that various voluminous references existed. At best, this might support a claim that one or more individuals *should have known* about (or remembered) material portions of these references, but that is not sufficient to support an inference of actual knowledge of materiality and deceptive intent. *See Analog Devices, Inc. v. Xilinx, Inc.*, Case No. 19-cv-2225-RGA, 2021 WL 466859, at *3 (D. Del. Feb. 9, 2021).

TVision also points to other, equally inadequate "bases" that its allegations support a reasonable inference of deceptive intent. Chief among these is TVision's insistence that Nielsen must have believed the independent claims of the patent-in-suit were invalid. In TVision's view, there could be no other explanation for Nielsen's decision to assert dependent claims without asserting the corresponding independent claims. TVision argues that Nielsen's assertion – that it chose to assert only dependent claims because it is easier to resist validity challenges to dependent claims – cannot be true. To the contrary, TVision asserts, opposing invalidity arguments directed at independent claims is no more difficult than doing so for arguments directed at dependent claims. (Opp. at 5 ("[A]ny validity arguments for the independent claims would apply equally to the dependent claims.").) But TVision is wrong. In fact, it is much more difficult to prove that a dependent claim is anticipated or obvious than to prove that an independent claim is anticipated or obvious. *See, e.g.*, *Hartness Int'l Inc. v. Simplimatic Eng'g Co.*, 819 F.2d 1100, 1108 (Fed. Cir. 1987) ("A fortiori, dependent claim 3 was nonobvious (and novel) because it contained all the limitations of claim 1 plus a further limitation."); *Promega Corp. v. Novagen, Inc.*, 6 F. Supp. 2d 1037, 1040 (W.D. Wis. 1997) ("[P]rior art references … rendered obvious the independent claims of plaintiff's patents … but did not render obvious dependent claims 11 and 46…."). And it is also more difficult to prove a dependent claim patent-ineligible under 35 U.S.C. § 101. *See, e.g.*, *Ocado Innovation, Ltd. v. AutoStore AS*, 561 F. Supp. 3d 36, 51 (D.N.H. 2021) ("[T]hese dependent claims … narrow the system's 'specific technical features or operations' and provide the requisite 'technological specificity' to survive an eligibility challenge…." (citations omitted)).

TVision takes issue with Nielsen's reference to the "most reasonable inference" standard with regard to Nielsen's decision to assert only dependent claims. But that dispute is moot because the parties agree "the legally relevant question at this stage is whether intent to deceive is a reasonable inference from the facts alleged." (Opp. at 5.) The answer to that question is "no." TVision's theory is that Nielsen schemed to obtain independent claims that it knew to be invalid. In doing so, Nielsen supposedly risked a holding of inequitable conduct that would have made all the independent <u>and dependent</u> claims unenforceable, even though it did not intend to assert the independent claims. There is nothing reasonable about that inference. The <u>only</u> reasonable inference to be drawn *here* is that Nielsen had a strong basis for alleging infringement of the dependent claims, and attacking their validity on various grounds would have been more difficult for TVision.

Finally, TVision also argues that deceptive intent should be inferred from Nielsen's citation of "familial" patents and applications that allegedly were not prior art "[a]fter the 1994 Uruguay Round" ("URAA"). In response to Nielsen's explanation that such patents must be cited to the PTO because they could be the basis for a double-patenting rejection, TVision says this can no longer happen in the post-URAA era. (Opp. at 5 n.3.) TVision is wrong. In fact, the Federal Circuit has explicitly "recognized that the doctrine of obviousness-type double patenting … [has] continued importance," even in "post-URAA patent disputes." *Abbvie Inc. v. Mathilda & Terence Kennedy Inst. of Rheumatology Tr.*, 764 F.3d 1366, 1373 (Fed. Cir. 2014). And double-patenting rejections based on related family members are routine in practice. (*See, e.g.*, Ex. A at 3-4.)

The Honorable Christopher J. Burke
March 13, 2023
Page 3

                                                    Respectfully,

                                                    */s/ David E. Moore*

                                                      David E. Moore

DEM:nmt/10523960/14944-00004

Enclosure
cc:     Clerk of the Court (via hand delivery)