# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) |
| Plaintiff, | ) C.A. No. 22-1345-CJB |
| v. | ) **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) **PUBLIC VERSION** |
| Defendant. | ) |

## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
## FROM DAVID E. MOORE

OF COUNSEL:

Steven Yovits
Constantine Koutsoubas
Melvin Gaddy
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Jolie Brett Schenerman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Dated: February 1, 2024
11303945 / 14944.00004
PUBLIC VERSION
Dated: February 12, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
302.984.6000
potteranderson.com



David E. Moore
Partner
dmoore@potteranderson.com
D 302.984.6147

February 1, 2024

**VIA ELECTRONIC-FILING**

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

**PUBLIC VERSION**
**Dated: February 12, 2024**

Re:   *The Nielsen Company (US), LLC v. TVision Insights, Inc.*, C.A. No. 22-1345-CJB

Dear Judge Burke:

Plaintiff The Nielsen Company (US), LLC ("Nielsen") respectfully asks the Court to deny TVision's motion to stay the patent portion of this case.

**I.   Nielsen's Motion to Dismiss Should Be Decided Before Considering TVision's Motion to Stay, and under No Circumstances Should the Antitrust Counterclaim Proceed First**

TVision has asked the Court to allow its antitrust counterclaim to proceed while the patent-related portion of the case is stayed. Nielsen moved to dismiss the antitrust counterclaim on November 21, 2023 (D.I. 76) and respectfully requests that the Court decide that motion <u>before</u> considering TVision's present motion to stay. Such a decision could very well render TVision's request for the antitrust counterclaim to proceed moot. On the other hand, if the Court denies Nielsen's motion to dismiss the antitrust counterclaim, and if the Court is inclined to stay the patent portion of the case, then the Court should stay all parts of the case (including the antitrust counterclaim). TVision's antitrust counterclaim is based in large part upon an allegation that the patent infringement portion of the case is "baseless," and thus, it would not make sense (and would unduly prejudice Nielsen) to allow the antitrust portion of the case to proceed before the patent portion is resolved.

**II.   TVision's Motion to Stay Should Be Denied**

Courts generally consider three factors to determine whether a stay is appropriate: (1) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage; (2) whether granting the stay will simplify the issues for trial; and (3) the status of the litigation, particularly whether discovery is complete and a trial date has been set. *CAO Lighting, Inc. v. General Electric Company*, 2022 WL 17752270 at * 2 (D. Del. Dec. 19, 2022). Contrary to TVision's assertions, none of these factors favors exercising the Court's discretion to stay the case.

The Honorable Christopher J. Burke
February 1, 2024   Public Version Dated: February 12, 2024
Page 2

### a. Nielsen Would Be Unduly Prejudiced by a Stay

The Court should not impose a stay because doing so would unduly prejudice Nielsen. This District has used four subfactors to evaluate whether a stay would result in undue prejudice to the non-movant: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Id.* at *3. Each of these subfactors disfavors a stay.

### PREJUDICE SUBFACTORS 1 AND 2 (Timing of Requests for IPR and Stay)

TVision waited to file its IPR petition until June of 2023, more than 8 months after the filing of the complaint. TVision offers no explanation for this delay. While TVision notes that it "timely filed its IPR petition within its one-year statutory deadline" (D.I. 86 at 2) and claims that this district "routinely" grants stays when IPRs are filed within the statutory timeframe, courts in this District have held that merely filing for an IPR "within the statutory window [] does not render [a] request for a stay immune from denial." *TruePosition, Inc., v. Polaris Wireless, Inc.*, 2013 WL 5701529 at *6 (D. Del. Oct. 21, 2013). Waiting until late in the time window for filing an IPR petition weighs against granting a stay. *See TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, C.A. No. 21-1126-GBW-SRF, 2023 WL 2563179, at *3 (D. Del. Mar. 17, 2023) (finding undue delay when defendant waited 8 months to file petition for IPR); *Pragmatus Mobile, LLC v. Amazon.com, Inc.*, C.A. No. 14-436-LPS, 2015 WL 3799433, at *1 (D. Del. June 17, 2015) (finding undue delay when IPR petition filed at end of statutory period).

TVision cites two example cases in which a stay was granted when an IPR petition had been filed at the end of the statutory period, but neither decision relied on the timing of the IPR filing for that holding. For example, TVision's first cited case merely found that where the parties had previously agreed to stay discovery early in the case, filing an IPR petition late in the statutory period did not amount to undue delay. *Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *5 (D. Del. Jan. 15, 2014). Nielsen has entered into no such agreement here, and as explained below, discovery in this case is already in its advanced stages. Similarly, the filing delay in TVision's second cited case was apparently attributable to the plaintiff's refusal to identify its asserted claims until ordered to do so by the court. *SunPower Corp. v. PanelClaw, Inc.*, C.A. No. 12-1633-GMS, 2014 WL 12774919, at *1 (D. Del. May 16, 2014). Unlike in that case, TVision has been on notice of the asserted claims here since the day the complaint was filed.

TVision's motion comes 15 months after the filing of the case, and well into discovery. The lone citation TVision offers on this subfactor is inapposite, as the movant in that case had filed its IPR petitions motions earlier than TVision has here, and discovery in that case had barely begun. *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) (explaining that at the time of the motion, there had "been no written or deposition discovery" and "no claim construction briefing").

TVision's statement that "fact discovery could be completed on nearly the original schedule" after the IPR (D.I. 86 at 3) is incorrect. The IPR will conclude in January of 2025, but discovery in this case is scheduled to end on August 9, 2024. (D.I. 17 at 4.)

The Honorable Christopher J. Burke
February 1, 2024   Public Version Dated: February 12, 2024
Page 3

### **PREJUDICE SUBFACTOR 3 (Stage of the IPR)**

The early stage of the IPR decisively disfavors a stay. TVision's IPR has only just been instituted, and a Final Written Decision will not be entered until next year, long after the close of fact discovery on August 9, 2024, and after the deadline to serve expert reports in November/December of 2024. (D.I. 17 at 4, 6.) Staying the case for such a long amount of time, particularly at this late stage, would unduly prejudice Nielsen. *See, e.g., Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, C.A. No. 12-1461-LPS-CJB, 2015 WL 219019, at *4 (D. Del. Jan. 14, 2015) (finding long delay in case schedule that would be caused by IPR disfavored stay).

### **PREJUDICE SUBFACTOR 4 (Relationship of the Parties)**

TVision cites *Kaavo, Inc. v. Cognizant Tech. Sol'ns Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015) to claim that "Nielsen will not be unduly prejudiced by a stay because it is not a direct competitor of TVision." But this District has recognized that any "delay inherently harms a non-moving party by prolonging resolution of the dispute, *even if the party is not currently a direct competitor.*" *RideShare Displays, Inc. v. Lyft, Inc.*, C.A. No. 20-1629-RGA-JLH, 2021 WL 7286931, at *2 (D. Del. Dec. 17, 2021) (emphasis added). Further, the *Kaavo* case held that "so long as plaintiff and defendant were joint market participants and engaged in some demonstrated level of competition, our Court has tended to find that some amount of potential undue prejudice was at play." *Kaavo* 2015 WL 1737476, at *3. While in *Kaavo*, the court noted this factor was difficult to evaluate when neither party had provided evidence regarding whether the parties were competitors, the opposite is true here.

Indeed, the evidence of record demonstrates both direct and indirect competition between the parties.



### b. A Stay Will Not Simplify Issues for Trial and Is Therefore Disfavored

This factor weighs against a stay because TVision has asserted several defenses that the IPR proceedings will not resolve. This factor does not favor a stay when "the issues before the PTAB are not the only defenses asserted by Defendants in these actions." *CAO Lighting, Inc. v. General Electric Company*, 2022 WL 17752270 at *2 (D. Del. Dec. 19, 2022); *see also TruePosition, Inc., v. Polaris Wireless, Inc.*, 2013 WL 5701529 at *4 (D. Del. Oct. 13, 2013) ("Where other challenges, including § 112 arguments, are presented, a stay is disfavored"). Here, TVision has asserted numerous defenses that are not the subject of the IPR petition. For example, TVision has alleged every asserted claim is "invalid pursuant to 35 U.S.C § 101 for improperly claiming an abstract idea." Ex. H, TVision's June 23, 2023 Invalidity Contentions at 7. TVision has also alleged that the asserted claims "are invalid as indefinite" and "are invalid as lack of written description and non-enablement under 35 U.S.C. § 112." *Id*. at 7-9. Indeed, TVision has listed ***thirteen*** separate claim limitations that it alleges are problematic under 35 U.S.C. § 112 and would render the claims invalid. And TVision further asserts numerous other defenses, such as equitable estoppel and inequitable conduct. None of these numerous defenses is at issue in the IPR proceedings, which only relates to two grounds of invalidity under 35 U.S.C. § 103.

Under these circumstances, this factor does not favor a stay, even though the IPR petition challenges "all asserted claims" at issue (D.I. 86 at 1-2). *See CAO Lighting,* 2022 WL 17752270 at *2 (holding the simplification factor did not favor stay where an IPR was instituted on all asserted claims, but defendant maintained numerous other defenses in litigation that could not be resolved by the IPR). And though TVision purports to offer citations that hold otherwise, TVision's first cited case did not address this issue at all (*see 360Heros, Inc. v. GoPro, Inc.*, C.A. No. 17-1302-LPS-CJB, D.I. 132 (D. Del. June 5, 2019)), and its second cited case merely noted that the court could not reasonably evaluate the presence or absence of other defenses because the record contained little evidence regarding further defenses that the defendant might pursue. *Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014). That is not the case here, where TVision has served contentions expressly asserting other defenses. This factor therefore weighs against a stay (or is at the very least neutral).

The Honorable Christopher J. Burke
February 1, 2024   Public Version Dated: February 12, 2024
Page 5

### c. The Stage of this Litigation Disfavors a Stay

This case is at too advanced a stage for a stay to be appropriate. Nielsen filed the complaint on October 12, 2022, and it has now been pending for *over 15 months*. Both parties began document productions long ago; indeed, TVision's core technical document production was due almost a year ago on March 10, 2023. *Id.* Each side has served multiple sets of document requests (three sets from Nielsen and one set from TVision) and interrogatories (three sets from Nielsen and two sets from TVision). And each side has already provided multiple rounds of responses to written discovery, including important, substantive contentions relating to non-infringement (by TVision) and validity of the asserted patent (by Nielsen). This District has held that "where significant discovery has occurred and claim construction and Markman proceedings are scheduled, these factors weigh against the grant of a stay." *TruePosition, Inc., v. Polaris Wireless, Inc.*, 2013 WL 5701529 at *4 (D. Del. Oct. 13, 2013). Here, significant discovery has occurred, and the claim construction process, which entailed the parties working together to agree that the Court's assistance in construing the claims is not needed, is finished.

TVision misrepresents the cases it cites as favoring a stay in "comparable" circumstances (D.I. 86 at 2). Far from "strongly favor[ing] a stay," (D.I. 86 at 2), the *Netgear* case expressly held that this factor was "about neutral." *WSOU Investments, LLC v. Netgear, Inc*, 2022 WL 17337924, at *1 (D. Del. November 30, 2022). And the *Princeton* case was much less advanced than this case—indeed, the court explained that discovery there was "in its nascent stages," and noted "no party-initiated discovery has begun and discovery-related deadlines are currently stayed." *Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *3 (D. Del. Jan. 15, 2014). Contrary to TVision's claims, none of its citations support the assertion that this factor favors a stay.

### III. Conclusion

Because all of the relevant factors weigh against a stay, Nielsen respectfully requests that the Court deny TVision's motion to stay.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/11303945/14944.00004

Enclosures
cc:   Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic mail)