**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1345-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM DAVID E.**
**MOORE, ESQ. REGARDING CASE SCHEDULE**

Respectfully submitted,

OF COUNSEL:

Steven Yovits
Douglas Lewis
Constantine Koutsoubas
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel:  (312) 857-7070

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  (212) 808-7800

Dated: January 13, 2025
11982357 / 14944-00004

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company*
*(US), LLC*

Dear Judge Burke:

      The parties write to inform the Court that the Patent Trial and Appeal Board ("PTAB") issued a Final Written Decision in IPR2023-01014 (attached hereto) on January 6, 2025. Pursuant to the Court's Oral Order dated March 1, 2024 (D.I. 106), Plaintiff The Nielsen Company (US), LLC ("Nielsen") and Defendant TVision Inc. ("TVision") hereby submit this joint letter providing their views as to whether a case schedule should be entered at this time.

## I.    **Nielsen's Position**

      Nielsen respectfully submits that the Court should <u>not</u> enter a case schedule at this time. Because Nielsen intends to appeal the Final Written Decision ("FWD"), the Court should extend the currently-imposed stay of the case until the appeal is concluded. And if the Court decides not to extend the stay, it should wait to enter a case schedule until it decides Nielsen's Motion to Dismiss TVision's antitrust counterclaim. **_First_**, the Court should extend the stay in this case until Nielsen's appeal of the PTAB's FWD is decided. In considering whether to extend a stay pending an appeal of an IPR Final Written Decision, courts consider the same three factors they consider when considering a stay at the outset of an IPR: (1) whether granting the stay would simplify the issues in question and the trial of the case; (2) the status of the district court litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether the stay would cause the non-movant to suffer undue prejudice or allow the movant to gain a clear tactical advantage. *See Safe Storage LLC v. Dell Inc.*, No. 12-1624-GMS, 2016 WL 11689536, at *2, FN 1 (D. Del. Mar. 11, 2016).

      The first factor weighs heavily in favor of extending the stay. The issues to be decided in this case are (a) Nielsen's assertion that the '243 Patent is not invalid and that TVision infringes it, and (b) TVision's antitrust counterclaim—which relates to the validity of the '243 patent and, as the Court acknowledged, "is significantly related to the merits of Plaintiff's claims of infringement as to the '243 patent." D.I. 104. Thus, both the patent infringement and antitrust claims in this case relate to the '243 patent, and a final determination of its validity would substantially simplify those issues. More specifically, for example, most of TVision's counterclaim is devoted to an allegation that Nielsen purportedly "intentionally withheld" certain prior art references during prosecution that TVision asserts were "material" to patentability of the '243 Patent.[1] D.I. 68, ¶¶ 37-74. Since TVision argued in IPR2023-01014 that the '243 Patent was invalid over those same references, a final appellate adjudication as to validity could significantly simplify the portion of the case relating to the materiality or non-materiality of those references. *See Pers. Genomics Taiwan, Inc. v. Pac. Biosciences of Cal., Inc.*, No. 19-1810-GBW-MPT, 2022 WL 4245532, at *4 (D. Del. Sept. 15, 2022) (staying litigation pending resolution of appeal of IPR decision because "[j]udicial efficiencies would be gained by staying [the] case.").[2]

---

[1] TVision misstates the law. A party may disclaim claims in an IPR to streamline issues, and "disclaimer does not legally constitute 'an admission that the subject of the disclaimer appears in the prior art.'" *Raytheon Technologies v. General Electric Co.*, 993 F.3d 1374, 1379 & n.4 (Fed. Cir. 2021) (citations omitted). Moreover, TVision must still prove, *inter alia*, materiality and intent. *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011).

[2] TVision's proposed schedule delays not only fact discovery on the '243 patent, but also expert discovery and dispositive motions (and trial) on all case issues until after the issuance of the Federal Circuit's mandate. Accordingly, immediately conducting fact discovery on the antitrust counterclaim, as TVision suggests, would not facilitate case resolution sooner than staying discovery on the counterclaim.

The Honorable Christopher J. Burke
January 13, 2025
Page 2

The second and third factors also favor extending the stay. The Court previously held that the second factor favored granting a stay because "more of the case is ahead of us than behind us" (D.I. 104). That is still true. *See, e.g.*, *Safe Storage*, 2016 WL 11689536 at *2, FN 1 ("the early stage of litigation favors entering a stay."). The Court also previously held that the third factor favored granting the initial stay because "it is not clear from the record that [the parties] directly compete with each other with regard to the use of the patented technology in suit." D.I. 104. That, too, remains unchanged.

**Second**, even if the Court decides not to extend the current stay, entering a schedule at this time would waste party and judicial resources.[3] No discovery should occur before resolution of Nielsen's motion to dismiss TVision's antitrust counterclaim (which Nielsen intends to renew (*see* D.I. 106)). As the Third Circuit has recognized, "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. 2010)). The parties should not have to devote their resources to antitrust discovery (which is particularly onerous) unless it is necessary–which it would not be if the Court grants Nielsen's motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (recognizing the unusually high cost of discovery in antitrust cases); *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-5743 (NLH/AMD), 2013 WL 5524078, at *4 (D.N.J. September 6, 2013) ("[T]he potential cost of discovery establishes a specific and substantiated risk of harm.").

## II.   <u>TVision's Position</u>

TVision opposes a continuation of the stay, and submits that this Court should enter a schedule. The Court has recognized that the possibility of reversal does not preclude a plaintiff from pursuing its claim pending appeal of an IPR final written decision, and the same should be true for a defendant.  *See Zoll Med. Corp. v. Respironics, Inc*., No. CV 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015) (Stark, J.) (holding that the "pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds."). In this case, there is little chance that the Federal Circuit will overturn the PTAB's decision, and no reason to prejudice TVision by delaying discovery on its anti-trust counterclaims while witness memories fade and documents potentially become lost. The patent infringement and invalidity issues are, in effect, dead, but the anti-trust counterclaims can and should proceed.

Nielsen overstates the issues in this case that relate to the '243 patent.  TVision's antitrust counterclaim includes the following counts, all of which involve anti-competitive activity by Nielsen that is unrelated to the '243 patent: Count I alleging violations the of Sherman Act, § 1 by Nielsen's acquisition of Gracenote to foreclose TVision from continuing to use Gracenote's ACR software; Count II alleging (a) Nielsen's refusal to renew TVision's license to the Gracenote ACR software, (b) Nielsen's pattern of filing objectively baseless patent infringement lawsuits, and (c) Nielsen's assertion of the fraudulently-obtained '243 patent; Count III alleging attempts to monopolize based on the conduct also alleged in Count II; Count IV alleging tortious interference by virtue of Nielsen's attempts to preclude its customers from using data supplied by TVision, and Count V alleging unjust enrichment related to a software license. Moreover, even TVision's

---

[3] If the Court decides a schedule should be entered, Nielsen requests a short period of time for the parties to work together and submit a proposed agreed schedule.

The Honorable Christopher J. Burke
January 13, 2025
Page 3

*Walker Process* antitrust counterclaim is not dependent on the outcome of Nielsen's appeal (which Nielsen has not filed yet). After TVision filed its IPR, which was based on prior art references recited in TVision's inequitable conduct defense, Nielsen's first step was to disclaim the independent claims (1, 9 and 16) of the '243 patent. FWD at 1. Nielsen thus conceded that the intentionally-withheld references are material to the examination of the '243 patent. Nielsen's reliance on dicta from a footnote in a Federal Circuit decision is unavailing. Thus, no outcome of the appeal can change Nielsen's concession. *See Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245–46 (1933) ("[i]t is well-settled that a patentee's Inequitable conduct renders unenforceable all patent claims having 'an immediate and necessary relation' to that conduct, regardless of whether the claims are contained in a single patent or a series of related patents").

Regardless, an appeal is unlikely to change the outcome. All three PTAB judges joined a final written decision which held all of the challenged claims unpatentable, and which characterized Nielsen's arguments as "relatively weak." FWD at 91 ("Petitioner has . . . articulated well-supported reasoning . . . . In contrast, Patent Owner's arguments to the contrary are relatively weak"). Considering the low rate of reversal[4] and the strength of the opinion, a reversal is unlikely.

To avoid even the possibility of inefficiency, and to avoid prejudice to TVision by the passage of time that might make the gathering of evidence more difficult, TVision proposes the following schedule which initiates staged discovery but defers the remaining deadlines:

| Description | TVision Proposed Date |
|---|---|
| Complete document production on all counterclaim issues | June 2, 2025 |
| Close of fact discovery on all counterclaim issues, except those relating to the '243 patent | December 2, 2025 |
| Close fact discovery on all issues relating to the '243 patent | Ninety days following the issuance of the mandate on Nielsen's appeal |
| Opening expert reports | 120 days after the issuance of the mandate |
| Rebuttal expert reports | 150 days after the issuance of the mandate |
| Reply expert reports | 180 days after the issuance of the mandate |
| Close of expert discovery | 210 days after the issuance of the mandate |
| File dispositive and Daubert motions | 220 days after the issuance of the mandate |
| Hearing on dispositive and Daubert motions | To be set after the issuance of the mandate |
| Pretrial conference | To be set after the issuance of the mandate |
| Trial | To be set after the issuance of the mandate |

Regarding Nielsen's request to stay discovery pending resolution of a renewed motion to dismiss, it is unlikely that Nielsen will prevail as to all counts of the complaint and, regardless, the Court has regularly held that discovery proceeds pending a motion to dismiss. *See airSlate, Inc. v. Inkit, Inc.*, C.A. No. 23-1306-RGA-SRF, D.I. 60 (D. Del. Dec. 5, 2024) ("In this district, discovery generally proceeds during the pendency of a Rule 12 motion."). TVision opposes such a stay.

---

[4] *See* Klodowski, D., Federal Circuit PTAB Appeal Statistics for December 2023 and January 2024, https://www.finnegan.com/en/insights/blogs/at-the-ptab-blog/federal-circuit-ptab-appeal-statistics-for-december-2023-and-january-2024.html (finding that 74% of appeals from PTAB decisions are completely upheld by the Federal Circuit).

The Honorable Christopher J. Burke
January 13, 2025
Page 4

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:rms/11982357/14944.00004
cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic mail)