# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 22-1345-CJB |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., ) | |
| ) | |
| Defendant. ) | |

## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM DAVID E. MOORE, ESQ. REGARDING PLAINTIFF'S MOTION TO STAY DISCOVERY

OF COUNSEL:

Steven Yovits
Douglas Lewis
Constantine Koutsoubas
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Dated: February 21, 2025
12055118 / 14944-00004

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

Dear Judge Burke:

Pursuant to the Court's Order (D.I. 121), Nielsen respectfully submits this letter in support of its request to stay discovery (D.I. 119) pending resolution of Plaintiff's Motion to Dismiss Defendant's Counterclaim (D.I. 118) (the "Motion to Dismiss").

When deciding whether to stay a case, this Court typically considers (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation; and (3) whether a stay would cause the non-movant to suffer undue prejudice. *Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc.,* No. 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014). Moreover, the burden on Nielsen in the absence of a stay is an additional relevant consideration. *See Cooper Notification, Inc. v. Twitter, Inc.,* No. 09-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010). Because it is noncontroversial that factor (2) favors a stay, only the other factors, each of which favors a stay, are discussed below.

*First*, granting a stay will simplify the issues for trial. TVision's Counterclaim contains five separate and independent Counts: (1) contracts in restraint of trade in violation of Sherman Act § 1; (2) monopolization under Sherman Act § 2; (3) attempt to monopolize under Sherman Act § 2; (4) common law tortious interference with contractual relations and prospective business advantage; and (5) common law unjust enrichment. (D.I. 67.) These Counts involve several distinct legal and factual issues, including (1) the propriety of the prosecution of the asserted patent; (2) the reasons for each of Nielsen's litigations against TVision; (3) the reasons Nielsen acquired its subsidiary Gracenote, Inc. and the antitrust implications of the acquisition; (4) Nielsen's licensing of ACR software to TVision; and (5) the propriety of Nielsen's customer contracts. (*Id.*) A stay pending resolution of the Motion to Dismiss will simplify this case substantially by eliminating one or more of those issues, and thus, the Court should grant Nielsen's request. *See Weisman v. Mediq, Inc.*, No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995).

*Second*, a stay would not result in undue prejudice to TVision because there is no direct competition between the parties. In fact, TVision conceded this when it sought a stay of the case pending its IPR. (D.I. 86 at 3 ("Nielsen will not be unduly prejudiced by a stay because it is not a direct competitor of TVision.").) Although Nielsen argued otherwise, the Court ruled in favor of TVision, in part due to the absence of direct competition. (D.I. 104.) It would be unfair for the Court to find the opposite now, particularly in light of TVision's admission.

*And third*, the absence of a stay would result in unnecessary burden to Nielsen. Antitrust discovery is a "sprawling, costly, and hugely time-consuming undertaking" to begin with. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560 n.6 (2007). But "[w]here, as here, not one, but multiple independent theories of antitrust liability have been presented, the potential burden will likely be even higher, as the scope of discovery must be further broadened to encompass each type of anticompetitive action alleged." *DSM Desotech Inc. v. 3D Sys. Corp.,* 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008). By deciding the Motion to Dismiss first, if and "when discovery proceeds, the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur," which "will potentially save time and money for all concerned." *Weisman*, 1995 WL 273678, at *2.

The Honorable Christopher J. Burke
February 21, 2025
Page 2

                                              Respectfully,

                                              */s/ David E. Moore*

                                              David E. Moore

DEM:rms/12055118/14944.00004

cc:      Clerk of the Court (via hand delivery)
           Counsel of Record (via electronic mail)