# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, *Plaintiff,* v. TVISION INSIGHTS, INC., *Defendant.* | C.A. No. 1:22-cv-01345-CJB **JURY TRIAL DEMANDED** |

## SECOND AMENDED SCHEDULING ORDER

This Court entered a Scheduling Order on January 24, 2023. D.I. 17. On April 1, 2024, this Court stayed this case pending the Final Written Decision by the U.S. Patent & Trademark Office's Patent Trial and Review Board ("PTAB") in the inter partes review of U.S. Patent No. 11,470,243 ("the '243 patent"). D.I. 106. On January 13, 2025, the parties submitted a letter advising the Court that the PTAB had issued its final written decision holding all of the challenged claims of the '243 patent to be unpatentable. D.I. 111. On February 3, 2025, the parties submitted a proposed schedule for this case in the event that this Court were to decide to lift the stay. D.I. 113. On February 10, 2025, after holding oral argument, this Court issued a Minute Order that "the stay of the case be lifted" and that by "no later than February 14, 2025, the parties shall jointly submit a revised proposed scheduling order utilizing the dates submitted in D.I. [113]."

On July 21, 2025, the Parties agreed to extend the deadline for substantial completion of document discovery from October 10, 2025 until April 7, 2026, and completion of fact discovery from April 25, 2026 until September 14, 2026, to accommodate the Parties' efforts to complete expert reports, prepare for trial and try another case between these Parties in this District on February 26, 2026. *See, The Nielsen Company (US), LLC v. TVision Insights, Inc.*, 1:22-cv-057

(D. Del.), D.I. 289 (ordered D.I. 295). Attached as Schedule A is the schedule of dates established in this Order.

IT IS ORDERED[1] as follows:

1. **<u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.**

If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

4. **<u>Papers Filed Under Seal</u>.**

When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.

Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript.

---

[1] The paragraph numbers in this Order are the same as in the original Scheduling Order, D.I. 17. Paragraphs 2-3, 6 13-14 in the original Scheduling Order have been completed by the Parties and are not repeated in this Order. Thus, those paragraphs have been omitted from this Order.

With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

    5.    **Courtesy Copies.**

The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

    7.    **Discovery.**

Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.    Discovery Cut Off. Discovery on counterclaim issues in this case, except those relating to the '243 patent shall close on September 14, 2026. Discovery on all issues relating to the '243 patent ("Patent Issues") shall close 120 days following the issuance of the mandate on Nielsen's appeal of IPR2023-01014 ("Nielsen's appeal").

    b.    Document Production. Document production on all counterclaim issues shall be substantially complete by April 7, 2026. Document production on Patent Issues shall be substantially complete by 120 days following the issuance of the mandate on Nielsen's appeal.

    c.    Requests for Admission. The Federal Rules of Civil Procedure will apply.

    d.    Interrogatories.

    i.    A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    ii.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  e. <u>Depositions</u>.

    i. <u>Limitation on Deposition Discovery of Fact Witnesses</u>. Each side is limited to a total of 10 depositions of the other side's and third parties' witnesses. Each deposition shall consist of no more than 7 hours of testimony on the record. For the avoidance of doubt, this limit shall not apply to expert depositions.

    ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. Expert reports shall be exchanged on the dates set forth in Schedule A attached hereto. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition, which shall occur within the time frame provided in Schedule A.

    ii. <u>Expert Report Supplementation</u>.  The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

    iii. <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

  g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

    i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii. Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

> [provide here a non-argumentative list of disputes requiring judicial attention]

iii. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

iv. The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

v. Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    vi. Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> > [provide here a non-argumentative list of disputes requiring judicial attention]

    vii. The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

    viii. The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

        ix.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

**8.** **Motions to Amend.**

    a.    Any motion to amend a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

    c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

**9.** **Motions to Strike.**

    a.    Any motion to strike any pleading or other document or testimony shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

    **10.**    **Motions to Stay**.

      a.      Any motion to stay shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

    **11.**    **Tutorial Describing the Technology and Matters in Issue**.

The parties may (though they are not required to) provide the Court, no later than the date on which the Joint Claim Construction Brief is due, with a tutorial on the technology at issue. In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than thirty (30) minutes in length.

The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.

Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than seven days after the Joint Claim

Construction Brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12. **Claim Construction.**

On October 30, 2023, the Parties notified this Court that they "have agreed not to propose any claim terms for the Court to construe." D.I. 71. This Court issued an Order vacating the schedule for the claim construction proceedings in this case. D.I. 72.

15. **Interim Status Report.**

Within 10 business days after the Federal Circuit's decision on Nielsen's appeal from the PTAB's Final Written Decision, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. **Supplementation.**

Absent agreement among the parties, and approval of the Court, no later than June 28, 2024, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

17. **Case Dispositive Motions.**

a. All case dispositive motions, including opening briefs and affidavits, if any, shall be served on the date set forth in Schedule A. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

b. No early motions without leave. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a motion and an accompanying letter brief with the Court of no more

than four (4) single-spaced pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) single-spaced pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

    c. <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record. Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

    d. The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

     e. Page limits combined with *Daubert* motion page limits.  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each SIDE will be limited to a combined total of forty (40) pages for all opening briefs, a combined total of forty (40) pages for all answering briefs and a combined total of twenty (20) pages for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to fifty (50) pages for all opening briefs, fifty (50) pages for all answering briefs and twenty-five (25) pages for all reply briefs for each SIDE.[2]

     f. <u>Hearing</u>.  The Court will hear argument on all pending case dispositive and *Daubert* motions on a date to be set after the issuance of the mandate on Nielsen's appeal.

  18. **<u>Applications by Motion</u>.**

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Court.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

  19. **<u>Pretrial Conference</u>.**

On a date and time to be set after the issuance of the mandate on Nielsen's appeal, the Court will hold a pretrial conference in court with counsel.

Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

---

[2] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Patent Pretrial Order, which can be found in the "Forms" tab on Judge Burke's section of the Court's website (www.ded.uscourts.gov), on or before 30 days prior to the pretrial conference.

Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

As noted in the Patent Pretrial Order, the parties shall include in their joint proposed pretrial order, among other things:

  a. a request for a specific number of hours for their trial presentations, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

  b. their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

  c. their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and;

  d. their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether

the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

20. **Motions in *Limine*.**

Motions in *limine* shall not be separately filed. All in *limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each SIDE shall be limited to three (3) in *limine* requests, unless otherwise permitted by the Court.

The in *limine* request and any response shall contain the authorities relied upon; each in *limine* request may be supported by a maximum of three (3) single-spaced pages of argument and may be opposed by a maximum of three (3) single-spaced pages of argument, and the party making the in *limine* request may add a maximum of one (1) additional single-spaced page in reply in support of its request.

If more than one party is supporting or opposing an in *limine* request, such support or opposition shall be combined in a single three (3)-page single-spaced submission (and, if the moving party, a single one (1)-page single-spaced reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in *limine* requests, unless otherwise permitted by the Court.

21. **Jury Instructions, *Voir Dire* and Special Verdict Forms.**

Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file (i) proposed *voir dire*, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference.

This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Word format, which may be submitted by e-mail to the trial judge's staff.

22. **Trial.**

This matter will have a five (5) day jury trial beginning at 9:30 a.m. on a date to be set after the issuance of the mandate on Nielsen's appeal, with the subsequent trial days beginning at 9:00 a.m.

Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23. **Judgment on Verdict and Post-Trial Status Report.**

Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly file a form of order to enter judgment on the verdict. At the same time, the parties shall file a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24. **Post-Trial Motions.**

Unless otherwise ordered by the Court, all SIDES are limited to a maximum of twenty (20) pages of opening briefs, twenty (20) pages of answering briefs, and ten (10) pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_Christopher J. Burke_
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

# SCHEDULE A

*The Nielsen Company (US), LLC v. TVision Insights, Inc.*,
Case No. 1:22-cv-01345-CJB (D. Del.)

| Event | Agreed Proposed Date |
|---|---|
| Substantial completion of document production on all counterclaim issues | April 7, 2026 |
| Close of fact discovery on all counterclaim issues, except those relating to the '243 patent | September 14, 2026 |
| Close fact discovery on all issues relating to the '243 patent | 120 days following the issuance of the mandate on Nielsen's appeal |
| Opening expert reports for party who has burden of proof on subject matter | January 11, 2027, or 150 days after the issuance of the mandate on Nielsen's appeal, whichever is later |
| Rebuttal expert reports for party who does not have the burden of proof to contradict or rebut opening expert report | March 12, 2027, or 210 days after the issuance of the mandate on Nielsen's appeal, whichever is later |
| Reply expert reports from the party with the initial burden of proof | April 12, 2027, or 240 days after the issuance of the mandate on Nielsen's appeal, whichever is later |
| Close of expert discovery | May 12, 2027, or 270 days after the issuance of the mandate on Nielsen's appeal, whichever is later |
| File dispositive and Daubert motions | June 23, 2027, or 315 days after the issuance of the mandate on Nielsen's appeal, whichever is later |
| Hearing on dispositive and Daubert motions | To be set after the issuance of the mandate |
| Pretrial conference | To be set after the issuance of the mandate |
| Trial | To be set after the issuance of the mandate |